IN RE: DeANDREA MONIQUE HARDESTY, SHAKEENA LAKESE HUDSON, LADARRIUS LAQUAN HARDESTY

No. COA01-825

(Filed 21 May 2002)

**1. Termination of Parental Rights— mere use of words similar to statute for grounds of termination—sufficiency of notice**

The trial court erred by denying respondent mother's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) the petition to terminate respondent's parental rights to her son, because petitioner Department of Social Services's mere use of words similar to those in N.C.G.S. § 7A-289.32 setting out the grounds for termination, alleging illegitimacy and that the minor child spent his entire life in foster care, are insufficient to give respondent notice as to what acts, omissions, or conditions are at issue.

**2. Termination of Parental Rights— clear, cogent, and convincing evidence**

The trial court did not err by terminating respondent mother's parental rights to her two daughters based on clear, cogent, and convincing evidence including: (1) the minor children's multiple placements in foster homes; (2) respondent's severe mental problems and frequent admissions to psychiatric hospitals; (3) respondent's criminal record; (4) failure to legitimate the two

IN RE HARDESTY

[150 N.C. App. 380 (2002)]

children; (5) the children's previous adjudication of being neglected and dependent juveniles; (6) respondent's inability to provide a stable residence; (7) respondent ignoring the recommendations of her therapists; (8) respondent's inability to maintain stable employment; and (9) respondent's failure to manage her own finances.

### 3. Termination of Parental Rights— best interests of child

The trial court did not abuse its discretion by concluding that it was in the best interests of respondent mother's two daughters that respondent's parental rights be terminated.

### 4. Appeal and Error— preservation of issues—failure to cite authority

Although respondent mother contends the trial court erred by denying her motion for temporary visitation of her children pending appeal from the termination of her parental rights, this assignment of error is abandoned because no legal authority was cited in respondent's brief as required by N.C. R. App. P. 28(b)(5).

Appeal by respondent from judgments entered 29 December 2000 and 15 March 2001 by Judge Jerry F. Waddell in Craven County District Court. Heard in the Court of Appeals 28 March 2002.

*McCotter, McAfee & Ashton, PLLC, by Rudolph A. Ashton, III and Terri W. Sharp for respondent-appellant.*

*Bernard Bush for petitioner-appellee Craven County Department of Social Services.*

*Daniel Potter for petitioner-appellee Guardian ad litem.*

THOMAS, Judge.

Latasha Hardesty, respondent, appeals from orders which terminated her parental rights and denied visitation. For the reasons discussed herein, we reverse the trial court's termination order as to her son, Ladarrius Laquan Hardesty, but affirm as to DeAndrea Monique Hardesty and Shakeena Lakese Hudson.

Among the assignments of error, Hardesty argues the petition to terminate her parental rights to Ladarrius, born 20 April 1999, insufficiently alleged facts upon which the trial court could base a determination. We agree.

IN RE HARDESTY

[150 N.C. App. 380 (2002)]

Petitioner, the Craven County Department of Social Services (DSS), became involved with Hardesty in 1991 when there were several reports that she was neglecting her daughter, DeAndrea, born 5 April 1991. The allegations included inappropriate discipline and failure to provide proper care and supervision. However, no petition was filed.

On 26 February 1997, DeAndrea and her sister, Shakeena, born 14 April 1993, were adjudicated neglected when the trial court found, *inter alia*, that Hardesty beat Shakeena with a switch, leaving linear marks, and slapped DeAndrea on the side of her head. The children were subsequently placed in foster care by DSS.

In March 1997, Hardesty was involuntarily committed to Cherry Psychiatric Hospital and diagnosed with bipolar I disorder. Later in 1997 and into 1998, there was evidence that: (1) Hardesty exposed the children to sexual materials during visitations; (2) she missed visitations with the children; (3) she moved from place to place; (4) she advised the children to "act out" so the family could get back together; (5) Hardesty had other admissions to mental hospitals; and (6) she communicated threats or otherwise acted unlawfully. During this time, the children remained in foster care and in the custody of DSS.

A new juvenile petition based on dependency was filed after Hardesty delivered a third child, Ladarrius. He was only allowed to be in her custody for one day. The day after his birth, Ladarrius was placed in DSS's custody.

On 25 June 1999, DSS filed petitions to terminate the parental rights of Hardesty to DeAndrea and Shakeena. The allegations included that Hardesty had: (1) willfully left DeAndrea and Shakeena in foster care or placement outside the home for more than twelve months without showing reasonable progress under the circumstances to correct the conditions that led to the removal of the children; (2) for the past year, willfully failed and refused to provide and pay for the care, support, and maintenance of the children while they were in DSS's care; (3) willfully abandoned the children for at least six months immediately preceding the filing of the petition; (4) failed to establish or maintain concern or responsibility for the children; (5) neglected the children; (6) failed to legitimate the children; and (7) failed to provide consistent care and financial support. Similar allegations were made against Gene Chapman, DeAndrea's father, and

Jerome Hudson, Shakeena's father, in petitions to terminate their parental rights.

DSS filed a shortened petition to terminate Hardesty's parental rights to Ladarrius, alleging: (a) Ladarrius was dependent and that there was a reasonable probability that Hardesty's incapability of properly caring for him would continue for the foreseeable future; (b) Ladarrius has not been legitimated; and (c) Ladarrius has spent his entire life in foster care.

On 29 December 2000, the trial court terminated the parental rights of Hardesty to all three children, Chapman's rights to DeAndrea, Hudson's rights to Shakeena, and any unknown father's rights to Ladarrius. Among its findings were that: (1) the children had not been legitimated; (2) the respective fathers had not provided financial support or consistent care and had not visited the children in at least one year; (3) Hardesty, who was diagnosed with bipolar disorder, does not have the ability to manage her own financial funds or properly parent her children; (4) Hardesty's mental condition will last for the foreseeable future; (5) Hardesty lived in various residences without securing a stable home; and (6) Hardesty's situation is no more stable than it was when the children were removed from her care.

We note at the outset that the trial court's ruling refers to Chapter 7B. However, since the petition for termination was filed prior to 1 July 1999, the applicable reference is to Chapter 7A.

**[1]** By Hardesty's first assignment of error, she argues the trial court erred in denying her motion to dismiss as to Ladarrius because the petition did not state facts sufficient to warrant a determination that one or more grounds for terminating parenting rights existed. We agree.

A motion to dismiss based on Rule 12(b)(6) of the North Carolina Rules of Civil Procedure is a challenge to a pleading, claiming it fails to state a claim upon which relief can be granted. N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1999). The question on a motion to dismiss is whether, as a matter of law, and taking the allegations in the complaint as true, the allegations are sufficient to state a claim upon which relief may be granted under any legal theory. *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 355 S.E.2d 838 (1987).

In the instant case, the petition for the termination of parental rights to Ladarrius alleged, *inter alia*, that Hardesty and any

unknown father were incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is dependent and there is a reasonable probability that such incapability will continue for the foreseeable future. The petition, however, did not allege any facts to delineate the incapacity. Section 7A-289.25 (now codified as section 7B-1104) of the North Carolina General Statutes requires that the petition state facts sufficient to warrant a determination that grounds for terminating parental rights exist. N.C. Gen. Stat. § 7A-289.25 (1998). It provides in pertinent part that:

> The petition . . . shall set forth such of the following facts as are known; and with respect to the facts which are unknown the petitioner or movant shall so state:
>
> . . . .
>
> (6) Facts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exist.

N.C. Gen. Stat. § 7A-289.25 (1989). In *In re Quevedo*, 106 N.C. App. 574, 419 S.E.2d 158, *appeal dismissed*, 332 N.C. 483, 424 S.E.2d 397 (1992), this Court held that a "petitioners' bare recitation . . . of the alleged statutory *grounds* for termination does not comply with the requirement in N.C. Gen. Stat. § 7A-289.25(6) that the petition state *'facts* which are sufficient to warrant a determination that grounds exist to warrant termination.' " *Id.* at 579, 419 S.E.2d at 160. (Emphasis in original). Unlike *Quevedo*, there was no earlier order containing the requisite facts incorporated into the petition.

Here, petitioner merely used words similar to those in the statute setting out grounds for termination, alleged illegitimacy, and alleged that Ladarrius had spent his entire life in foster care. *See* N.C. Gen. Stat. § 7A-289.32 (1989). That is not sufficient. While there is no requirement that the factual allegations be exhaustive or extensive, they must put a party on notice as to what acts, omissions or conditions are at issue. The motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure should have been granted and we therefore reverse the trial court's termination of Hardesty's parental rights to Ladarrius.

We proceed now only with that part of Hardesty's assignments of error which concern DeAndrea and Shakeena.

There is a two-step process in a termination of parental rights proceeding. *In re Montgomery*, 311 N.C. 101, 316 S.E.2d 246 (1984).

IN RE HARDESTY

[150 N.C. App. 380 (2002)]

In the adjudicatory stage, the trial court must establish that at least one ground for the termination of parental rights listed in N.C. Gen. Stat. § 7A-289.32 (now codified as section 7B-1111) exists. N.C. Gen. Stat. § 7A-289.30 (1998) (now codified as N.C. Gen. Stat. § 7B-1109). In this stage, the court's decision must be supported by clear, cogent and convincing evidence with the burden of proof on the petitioner. *In re Swisher*, 74 N.C. App. 239, 240, 328 S.E.2d 33, 35 (1985). Once one or more of the grounds for termination are established, the trial court must proceed to the dispositional stage where the best interests of the child are considered. There, the court shall issue an order terminating the parental rights unless it further determines that the best interests of the child require otherwise. N.C. Gen. Stat. § 7A-289.31(a) (1998) (now codified as section 7B-1110(a)). *See also In re Blackburn*, 142 N.C. App. 607, 543 S.E.2d 906 (2001); *In re Carr*, 116 N.C. App. 403, 448 S.E.2d 299 (1994).

[2] By Hardesty's second and third assignments of error, she argues the trial court erred in concluding that grounds for the termination of her parental rights were proven by clear, cogent, and convincing evidence. We disagree.

Petitioner presented evidence of: (a) DeAndrea's and Shakeena's multiple placements in foster homes; (b) Hardesty's severe mental problems, including diagnoses of bipolar disorder and histrionic personality disorder and history of "breakdowns"; (c) Chapman's failure to legitimate DeAndrea; (d) Hardesty's frequent admissions to psychiatric hospitals; (e) Hardesty's criminal record; (f) Hudson's failure to legitimate Shakeena; (g) the children's previous adjudication of being neglected and dependent juveniles; (h) Hardesty's inability to provide a stable residence; (i) Hardesty ignoring the recommendations of her therapists; (j) Hardesty's inability to maintain stable employment; and (k) Hardesty's failure to manage her own finances.

A clear, cogent and convincing evidentiary standard is a higher standard than preponderance of the evidence, but not as stringent as the requirement of proof beyond a reasonable doubt. *In re Montgomery*, 311 N.C. 101, 316 S.E.2d 246 (1984). Here, we hold that grounds for the termination of Hardesty's parental rights were established by clear, cogent and convincing evidence. Hardesty's argument is rejected.

[3] By Hardesty's fourth and fifth assignments of error, she argues the trial court erred in concluding that it was in the best interests of the children that her parental rights be terminated. We disagree.

After one or more of the grounds for termination are established, the trial court must consider the best interests of the child. *In re Blackburn*, 142 N.C. App. 607, 543 S.E.2d 906 (2001). The trial court *shall* issue an order terminating the parental rights unless it further determines that the best interests of the child require otherwise. N.C. Gen. Stat. § 7A-289.31(a) (1998) (now codified as section 7B-1110(a)). *See also In re Blackburn*, 142 N.C. App. 607, 543 S.E.2d 906 (2001); *In re Parker*, 90 N.C. App. 423, 368 S.E.2d 879 (1988).

The children's best interests are paramount, not the rights of the parent. *In re Smith*, 56 N.C. App. 142, 287 S.E.2d 440, *cert. denied*, 306 N.C. 385, 294 S.E.2d 212 (1982). Here, the trial court had ample evidence upon which to base the decision of best interests and did not abuse its discretion in deciding that the best interests of DeAndrea and Shakeena required the termination of Hardesty's parental rights. We thus reject Hardesty's argument.

**[4]** By Hardesty's final assignment of error, she argues the trial court erred in denying her motion for temporary visitation pending appeal. However, this assignment is taken as abandoned since no legal authority was cited in the body of Hardesty's argument. N.C.R. App. P. 28(b)(5).

We therefore affirm the trial court's terminations of Hardesty's parental rights to DeAndrea and Shakeena. We reverse the trial court's termination of Hardesty's parental rights to Ladarrius.

AFFIRMED IN PART; REVERSED IN PART.

Judges MARTIN and TYSON concur.