660 S.E.2d 255 (2008)
In the Matter of B.L.H. and Z.L.H., Minor Children.
No. COA07-1313-2.
Court of Appeals of North Carolina.
May 6, 2008.
*256 Charlotte W. Nallan, Asheville, for petitioner-appellee Buncombe County Department of Social Services.
Annick Lenoir-Peek, San Antonio, TX, for respondent-appellant mother.
Jerry W. Miller, Asheville, for the Guardian ad Litem.
CALABRIA, Judge.
C.L.H. ("respondent") appeals from orders terminating her parental rights to B.L.H. and Z.L.H. (collectively "the minor children"). Respondent is the biological mother of the minor children. The biological fathers of B.L.H. and Z.L.H. are unknown and respondent indicated she does not know the identity of the biological fathers. Although the legal father of Z.L.H. was identified, DNA testing confirmed that he was not the biological father.
On 30 January 2007 and 5 February 2007, the Buncombe County Department of Social Services ("petitioner") filed petitions and issued summonses for an action to terminate respondent's parental rights to B.L.H. and Z.L.H. Petitioner specifically alleged as grounds for terminating respondent's parental rights to B.L.H. and Z.L.H. that:
Pursuant to N.C.G.S. § 7B-1111(a)(1), the respondent mother has neglected the minor [children] . . . [and that t]here is a high risk of repetition of neglect if the [minor children are] returned to the care and custody of the respondent mother. . . .
Pursuant to N.C.G.S. § 7B-1111(a)(3), the minor [children have] been in the custody of the Department and in an out-of-home or foster-care placement for a continuous period of more than six months preceding the filing of this petition and, during this time, the respondent mother has willfully failed to pay a reasonable portion of the cost of care for the minor [children], although the respondent mother is able-bodied and capable of full time employment. . . .
Respondent and the minor children were timely served copies of the summonses and petitions to terminate her parental rights to the minor children. Petitioner accomplished service by publication for the unknown fathers.
The petitions were heard on 16 May 2007 and 4 June 2007. At the adjudication hearing, petitioner's first witness was Andrea Biffle, the social worker supervising the minor children's foster care. Ms. Biffle testified to the history of the custody and placement of the minor children from 25 August 2005, when petitioner first became involved with the children, to 10 March 2006, when petitioner first assumed custody over the minor children. Petitioner then moved to amend the petitions to conform to the evidence presented to include an allegation that grounds existed to terminate respondent's parental rights under N.C.G.S. § 7B-1111(a)(2), arguing the children had been left in a foster care or out of home placement for a period of twelve months preceding the filing of the petitions. Defendant objected, arguing she received no notice of the allegation and that such an amendment was a substantial change to the petitions requiring additional time to prepare a defense. The trial court overruled defendant's objection and allowed the amendment.
On 25 July 2007, the trial court entered separate orders terminating respondent's parental rights to B.L.H. and Z.L.H. The only ground found by the trial court for terminating respondent's parental rights to the minor children was under N.C.G.S. § 7B-1111(a)(2). Respondent appeals.

I. Amendment of Petition
Respondent argues the trial court erred in finding and concluding that grounds existed to terminate respondent's parental rights under N.C.G.S. § 7B-1111(a)(2) when such grounds were not alleged in the petitions. Respondent contends the trial court erred in permitting petitioner to amend its petitions to conform to the evidence presented at the adjudication hearing to add N.C.G.S. § 7B-1111(a)(2) as an alleged ground of termination. Petitioner's response is that the trial court correctly allowed the petitions to be amended under Rule 15(b) of the North Carolina Rules of Civil Procedure. We disagree.
*257 This Court has held that the North Carolina Rules of Civil Procedure do "not provide parties in termination actions with procedural rights not explicitly granted by the juvenile code." In re S.D.W. & H.E.W, ___ N.C.App. ___, ___, 653 S.E.2d 429, 432 (2007) (citing In re Jurga, 123 N.C.App. 91, 472 S.E.2d 223 (1996)) (holding that parents could not execute a "Declaration of Voluntary Termination of Parental Rights" because the juvenile code did not provide procedures for this type of unilateral declaration); In re Curtis v. Curtis, 104 N.C.App. 625, 410 S.E.2d 917 (1991) (reversing the trial court's grant of summary judgment for the petitioner on the issue of whether the respondent had abused his daughter, because the termination procedures set out in the juvenile code required an adjudication hearing on this issue and did not authorize a summary procedure based on N.C. Gen.Stat. § 1A-1, Rule 56); see also In re D.S.C., 168 N.C.App. 168, 173, 607 S.E.2d 43, 47 (2005) (our case law has "declined to judicially impute procedural rights to parties which are not otherwise authorized by the termination statute"); In re Peirce, 53 N.C.App. 373, 281 S.E.2d 198 (1981) (holding that a respondent in a termination of parental rights proceeding may not file a counterclaim).
The Rules of Civil Procedure will, however, apply to fill procedural gaps where Chapter 7B requires, but does not identify, a specific procedure to be used in termination cases. In re S.D.W. & H.E.W, ___ N.C.App. at ___, 653 S.E.2d at 432; see also In re McKinney, 158 N.C.App. 441, 443, 581 S.E.2d 793, 795 (2003) (applying the Rules of Civil Procedure to determine whether the contents of a motion filed to terminate the respondent's parental rights were sufficient to confer subject matter jurisdiction on the trial court); In re Triscari Children, 109 N.C.App. 285, 426 S.E.2d 435 (1993) (holding the requirements for verification established in Chapter 1A, Rule 11(b) should determine whether a petition for the termination of a respondent's parental rights has been properly verified).
Article 11 of Chapter 7B expressly states that the general legislative purpose of the Article "is to provide judicial procedures for terminating the legal relationship between a juvenile and the juvenile's biological or legal parents[.]" N.C. Gen.Stat. § 7B-1100(1) (2007). Article 11 is entirely silent on the amendment of petitions or motions in termination proceedings. The only right of amendment permitted in Chapter 7B proceedings is for the amendment of a petition in juvenile, abuse, neglect or dependency proceedings, and this right is limited to "when the amendment does not change the nature of the conditions upon which the petition is based." N.C. Gen.Stat. § 7B-800 (2007). Accordingly, we will not superimpose a right to amend a petition or motion for termination of parental rights to conform with the evidence presented at the adjudication hearing and the trial court erred by allowing the amendment. See Peirce, 53 N.C.App. at 380, 281 S.E.2d at 203 (holding "the legislative intent was that G.S., Chap. 7A, Art. 24B, [now Article 11 of Chapter 7B] exclusively control the procedure to be followed in the termination of parental rights.").

II. Notice of Grounds for Termination
Since the trial court erred in permitting the amendment of the petitions to conform to the evidence presented at the adjudication hearing, we must further determine whether the petitions were sufficient on their face to support the findings of the trial court. A petition for termination of parental rights must allege "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights [listed in N.C.G.S. § 7B-1111] exist." N.C. Gen.Stat. § 7B-1104(6) (2007). "While there is no requirement that the factual allegations [in a petition for termination of parental rights] be exhaustive or extensive, they must put a party on notice as to what acts, omissions, or conditions are at issue." In re Hardesty, 150 N.C.App. 380, 384, 563 S.E.2d 79, 82 (2002). Where the factual allegations in a petition to terminate parental rights do not refer to a specific statutory ground for termination, the trial court may find any ground for termination under N.C.G.S. § 7B-1111 as long as the factual allegations in the petition give the respondent sufficient notice of the ground. In re A.H., ___ N.C.App. ___, 644 S.E.2d 635 (2007); In re Humphrey, 156 N.C.App. 533, *258 577 S.E.2d 421 (2003). However, where a respondent lacks notice of a possible ground for termination, it is error for the trial court to conclude such a ground exists. In re C.W. & J.W., 182 N.C.App. 214, 228-29, 641 S.E.2d 725, 735 (2007); Hardesty, 150 N.C.App. at 384, 563 S.E.2d at 82.
Here, the petitions clearly alleged that petitioner obtained non-secure custody of both minor children on 10 March 2006. However, at the time the petitions were filed on 30 January 2007 and 5 February 2007, the minor children had not been in foster care or placement outside the home for more than twelve months. While the requisite time period had elapsed before the adjudication hearing on 16 May 2007, this Court has held that
[u]nder N.C.G.S. § 7B-1111(a)(2), the twelve-month period begins when a child is left in foster care or placement outside the home pursuant to a court order, and ends when the motion or petition for termination of parental rights is filed. Where the twelve-month threshold does not expire before the motion or petition is filed, a termination on the basis of N.C.G.S. § 7B-1111(a)(2) cannot be sustained.
In re J.G.B., 177 N.C.App. 375, 383, 628 S.E.2d 450, 456 (2006) (citing In re A.C.F., 176 N.C.App. 520, 527-28, 626 S.E.2d 729, 735 (2006)). Thus, the petitions, as originally filed in this case, did not put respondent on notice that N.C.G.S. § 7B-1111(a)(2) was a possible ground for terminating her parental rights to the minor children. Moreover, given our previous holdings and the filing dates of the petitions at issue, respondent was assured that N.C.G.S. § 7B-1111(a)(2) could not be used as grounds to terminate her parental rights to the minor children absent the filing of amended petitions. The trial court erred in finding grounds existed to terminate respondent's parental rights to the minor children under N.C.G.S. § 7B-1111(a)(2). Since the trial court found no other grounds existed for the termination of respondent's parental rights to her minor children, B.L.H. and Z.L.H., we reverse the order of the trial court.
Reversed.
Judge STEPHENS concurs.
Judge STEELMAN dissents with a separate opinion.
STEELMAN, Judge, dissenting.
I must respectfully dissent from the majority. I would hold that, because Chapter 7B is silent on the matter, Rule 15 of the North Carolina Rules of Civil Procedure permits the amendment of the petition in conformity with the evidence.

I. Additional Facts
The hearing of this matter was conducted on two separate days, 16 May 2007 and 4 June 2007. The first witness for the Department of Social Services ("DSS") was Andrea Biffle, a social worker employed by DSS. During Ms. Biffle's testimony, DSS moved to amend its pleadings to conform to the evidence and add an additional grounds for termination: that the parents had willfully left the juveniles in foster care for more than 12 months without showing reasonable progress under N.C. Gen.Stat. § 7B-1111(a)(2). The guardian ad litem had no objection. Counsel for respondent mother objected, contending that it was a substantial change in the petition, with no prior notice, and that she needed time to prepare a defense. There was no objection to the testimony upon which the motion to amend was based as being outside the issues raised by the pleadings. The trial court allowed the amendment.
On 16 May 2007, DSS presented five witnesses, and respondent mother presented one witness. When the hearing resumed on 4 June 2007, respondent mother presented the testimony of two additional witnesses, and DSS presented four witnesses in rebuttal. At no time during the balance of the first day of hearings or during the entire second day of hearings did respondent mother argue or contend that she had insufficient time to prepare to meet the new allegations made under N.C. Gen.Stat. § 7B-1111(a)(2).

II. Analysis
It is clear that, when there are procedures set forth in Chapter 7B governing termination *259 of parental rights proceedings, those procedures must control over those set forth in the North Carolina Rules of Civil Procedure. In re S.D.W., ___ N.C.App. ___, ___, 653 S.E.2d 429, 431 (2007) (recognizing that "where the juvenile code sets forth specific procedures governing termination actions, those procedures apply to the exclusion of the Rules of Civil Procedure.") However, because "a termination of parental rights proceeding is civil in nature, it is governed by the Rules of Civil Procedure, unless otherwise provided." In re McKinney, 158 N.C.App. 441, 445, 581 S.E.2d 793, 796 (2003) (citations and internal quotations omitted); see also S.D.W., ___ N.C.App. at ___, 653 S.E.2d at 432 (stating that "where the juvenile code does not identify a specific procedure to be used in termination cases, the Rules of Civil Procedure will fill the procedural gaps that Article 11 [of Chapter 7B] leaves open.").
Chapter 7B is devoid of any provision dealing with the amendment of pleadings in termination of parental rights proceedings. Clearly, there must be a mechanism for the amendment of pleadings. Otherwise, petitioner would be required to dismiss and refile to correct pleading defects, a procedure that would only serve to needlessly delay these time-sensitive cases. See N.C. Gen.Stat. § 7B-1100(2) (2007) (recognizing the necessity of permanency for juveniles at the earliest possible age). I would hold, in the absence of provisions in Chapter 7B dealing with amendment of pleadings in termination proceedings, that Rule 15 of the North Carolina Rules of Civil Procedure controls.
Subsection (b) of Rule 15 governs amendments to conform with the evidence. The first sentence of this section provides that when issues not raised in the pleadings are tried by the express or implied consent of the parties, then they are to be treated as being raised in the pleadings. N.C. Gen.Stat. § 1A-1, Rule 15(b) (2007).
[W]here no objection is made to evidence on the ground that it is outside the issues raised by the pleadings, the issue raised by the evidence is nevertheless before the trial court for determination. The pleadings are regarded as amended to conform to the proof even though the defaulting pleader made no formal motion to amend.
Mangum v. Surles, 281 N.C. 91, 98, 187 S.E.2d 697, 701-02 (1972). The Supreme Court went on to hold that "amendments should always be freely allowed unless some material prejudice is demonstrated[.]" Id. at 98-99, 187 S.E.2d at 702.
In the instant case, respondent mother failed to object that the testimony was outside the pleadings. She fails to assert material prejudice in her brief. Indeed the record shows there to be none. The conforming amendment took place during the first witness on the first day of the hearings. The trial was not concluded until nearly three weeks later. Respondent mother had that period of time in which to prepare a response to the amended allegation, and at no time during the 7 June hearing did respondent assert that more time was needed.
Because there was no material prejudice and Chapter 7B does not address the matter of amending pleadings in a termination proceeding, I respectfully dissent.