BERGER, Judge.
 

 Respondent-mother appeals from the trial court's order terminating her parental rights to her minor children, J.S.K. and J.E.K. Respondent-mother argues the trial court erred in denying her
 
 *190
 
 motion to dismiss because the motion to terminate her parental rights did not allege sufficient facts. For the following reasons, we reverse.
 

 Factual & Procedural Background
 

 The Cabarrus County Department of Human Services ("CCDHS") filed juvenile petitions on January 16, 2015 alleging that the children were neglected due to Respondent-mother's history of untreated mental health and substance abuse issues, domestic violence, and improper care.
 

 CCDHS took the children into nonsecure custody, and a hearing was held on the petitions on June 11, 2015. The trial court's August 26, 2015 order adjudicated the children neglected as alleged in the petitions. The trial court set the permanent plan as reunification and granted Respondent-mother one hour of supervised visitation a week.
 

 The trial court changed the permanent plan to adoption after a review hearing on November 12, 2015. The trial court found that Respondent-mother's progress in correcting the conditions which led to the children's removal was "insufficient for the court to be assured that the juveniles could safely return to her care." The trial court ceased reunification efforts with Respondent-mother in a permanency planning order entered January 4, 2016.
 

 On May 20, 2016, CCDHS filed a motion in the cause to terminate Respondent-mother's parental rights to both children. The motion alleged that the minor children were neglected and dependent juveniles; that Respondent-mother had willfully left the children in care or placement outside her custody for twelve months without showing reasonable progress in correcting the conditions which led to their placement; and that Respondent-mother willfully failed to pay a reasonable cost of care.
 
 See
 
 N.C. Gen. Stat. § 7B-1111(a)(1)-(3) (2015).
 

 At the start of the termination hearing on November 10, 2016, Respondent-mother moved to dismiss the motion to terminate her parental rights, arguing that the motion merely recited the statutory grounds without alleging any specific facts. In an order entered February 17, 2017, the trial court terminated Respondent-mother's parental rights to both children based on all alleged grounds. Respondent-mother timely appealed, and argues the trial court erred in denying her motion to dismiss because the motion to terminate her parental rights did not state facts sufficient to warrant a determination that one or more grounds for termination of parental rights existed. We agree.
 

 Standard of Review
 

 "On appeal from a motion to dismiss under Rule 12(b)(6), this Court reviews
 
 de novo
 
 whether, as a matter of law, the allegations of the complaint ... are sufficient to state a claim upon which relief may be granted."
 
 Christmas v. Cabarrus Cty.
 
 ,
 
 192 N.C. App. 227
 
 , 231,
 
 664 S.E.2d 649
 
 , 652 (2008) (citation, internal quotation marks, and brackets omitted),
 
 disc. review denied
 
 ,
 
 363 N.C. 372
 
 ,
 
 678 S.E.2d 234
 
 (2009). "We consider the allegations in the complaint true, construe the complaint liberally, and only reverse the trial court's denial of a motion to dismiss if plaintiff is entitled to no relief under any set of facts which could be proven in support of the claim."
 
 Green v. Kearney
 
 ,
 
 203 N.C. App. 260
 
 , 266-67,
 
 690 S.E.2d 755
 
 , 761 (2010) (citation omitted).
 

 Analysis
 

 Initially, we address the well-settled rule that denial of a motion to dismiss is not reviewable on appeal when there is a final judgment on the merits.
 
 See
 

 Concrete Service Corp. v. Investors Group, Inc.,
 

 79 N.C. App. 678
 
 , 682-83,
 
 340 S.E.2d 755
 
 , 758-59,
 
 cert. denied
 
 ,
 
 317 N.C. 333
 
 ,
 
 346 S.E.2d 137
 
 (1986). However, this Court has deviated from that rule in termination proceedings.
 
 See
 

 In re Hardesty
 
 ,
 
 150 N.C. App. 380
 
 , 384,
 
 563 S.E.2d 79
 
 , 82 (2002) ;
 
 see also
 

 In re Quevedo
 
 ,
 
 106 N.C. App. 574
 
 , 578,
 
 419 S.E.2d 158
 
 , 159,
 
 appeal dismissed
 
 ,
 
 332 N.C. 483
 
 ,
 
 424 S.E.2d 397
 
 (1992).
 

 CCDHS argues that Respondent-mother's appeal must be dismissed because she seeks review of the trial court's denial of her Rule 12(b)(6) motion having only given notice of appeal from the final order terminating her parental rights. However, Respondent-mother's motion to dismiss pursuant to Rule 12(b)(6) was not a written motion made at a pretrial hearing from which a separate order was entered. Rather, it was an oral motion made at the beginning of the hearing on the motion to terminate her parental rights. Thus, the final termination order is the only written order in the record on appeal referencing the denial of Respondent-mother's motion to dismiss. In finding of fact number eight, the trial court found that it denied her motion because CCDHS filed a motion in the cause to terminate Respondent-mother's parental rights, and not a petition for termination of parental rights, and therefore Respondent-mother "had notice from the underlying Abuse, Neglect, and Dependency file as to the specific allegations and grounds for termination." Given that there is no other order from which Respondent-mother could appeal the denial of her motion to dismiss, we address Respondent-mother's argument.
 

 A petition or motion to terminate parental rights must allege "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights [listed in N.C.G.S. § 7B-1111(a) ] exist." N.C. Gen. Stat. § 7B-1104(6) (2015). While the facts alleged need not be "exhaustive or extensive," they must be sufficient to "put a party on notice as to what acts, omissions or conditions are at issue."
 
 Hardesty,
 

 150 N.C. App. at 384
 
 ,
 
 563 S.E.2d at 82
 
 . A petition which sets forth only a "bare recitation ... of the alleged statutory grounds for termination" does not meet this standard.
 
 Quevedo,
 

 106 N.C. App. at 579
 
 ,
 
 419 S.E.2d at 160
 
 (emphasis omitted) (construing predecessor statute, N.C. Gen. Stat. § 7A-289.25(6) ). N.C. Gen. Stat. § 7B-1104 makes no distinction between the facts required to be alleged in a petition or motion to terminate parental rights. In other words, the mere fact that a motion in the cause to terminate parental rights has been filed, as opposed to a petition to terminate parental rights, does not relieve the moving party of the necessity to follow N.C. Gen. Stat. § 7B-1104(6).
 

 In
 
 Hardesty
 
 , the respondent challenged the sufficiency of the petition to terminate her parental rights by a Rule 12(b)(6) motion to dismiss for failure to state a claim, which the trial court denied.
 
 Hardesty
 
 ,
 
 150 N.C. App. at 383
 
 ,
 
 563 S.E.2d at 82
 
 . On appeal, this Court reversed the trial court's termination order holding that the petition, which "merely
 
 *191
 
 used words similar to those in the statute setting out grounds for termination, alleged illegitimacy, and alleged that [the juvenile] had spent his entire life in foster care[,]" was insufficient to put the party on notice as to what acts, omissions, or conditions were at issue, and the motion to dismiss should have been granted.
 
 Id
 
 . at 384,
 
 563 S.E.2d at 82
 
 (citation omitted).
 

 In
 
 Quevedo
 
 , the respondent made a pretrial motion for judgment on the pleadings pursuant to Rule 12(c), which the trial court denied.
 
 Quevedo
 
 ,
 
 106 N.C. App. at 578
 
 ,
 
 419 S.E.2d at 159
 
 . On appeal, this Court treated the respondent's motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim because the basis of the motion was that the petition failed to state sufficient facts as required by the statute.
 

 Id
 

 .
 
 This Court held that "petitioners' bare recitation ... of the alleged statutory
 
 grounds
 
 for termination does not comply with the [statutory] requirement [ ] that the petition state
 
 facts
 
 which are sufficient to warrant a determination that grounds exist to warrant termination."
 
 Id
 
 . at 579,
 
 419 S.E.2d at 160
 
 (citation and internal quotation marks omitted). However, the
 
 Quevedo
 
 Court upheld the denial of the motion because the petition incorporated an attached custody order which stated sufficient facts to warrant such a determination.
 

 Id
 

 .
 

 Here, the motion to terminate parental rights alleged that Respondent-mother:
 

 a. Has caused the juveniles to be neglected, as defined in N.C. Gen. Stat. § [ ]7B-101(15) as set out in N.C. Gen. Stat. § 7B-1111(a)(1) in that each is in need of assistance of placement, because her known parent is unwilling and unable to provide for her care or supervision and lacks an appropriate alternative to childcare arrangement. The juveniles do not have a parent, guardian, or custodian that will accept responsibility for the juveniles' care or supervision and the juveniles' parent, guardian, or custodian is unwilling and unable to provide for the juveniles' care or supervision and lacks an appropriate alternative child care arrangement.
 

 b. Has willfully left the juveniles in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juveniles on January 16, 2015, N.C. Gen. Stat. § 7B-1111(a)(2) ;
 

 c. Has willfully failed to pay a reasonable portion of the costs of care for the juveniles, although physically and financially able to do so, for a continuous period of six months next preceding the filing of this Motion while the juveniles have been placed in the custody of a county department of social services, a licensed child-placing agency, a child-caring institution, or a foster home, N.C. Gen. Stat. § 7B-1111(a)(3) ;
 

 d. Has caused the juveniles to be dependent as defined in N.C. Gen. Stat. § [ ]7B-101 (9) as set out in N.C. Gen. Stat. § 7B-1111(a)(1) in that the parent is incapable of providing the proper care and supervision of the juveniles and there is reasonable probability that such incapability will continue for the unforeseeable future, N.C. Gen. Stat. § 7B-1111(a)(6).
 

 Because these allegations are bare recitations of the alleged statutory grounds for termination listed in N.C. Gen. Stat. § 7B-1111, the motion to terminate Respondent-mother's parental rights failed to comply with N.C. Gen. Stat. § 7B-1104(6) and was insufficient to put Respondent-mother on notice as to what acts, omissions, or conditions were at issue.
 
 See
 

 Hardesty
 
 ,
 
 150 N.C. App. at 384
 
 ,
 
 563 S.E.2d at 82
 
 . Unlike in
 
 Quevedo
 
 , the motion to terminate parental rights in this case did not incorporate any prior orders and the attached custody order did not contain any additional facts sufficient to warrant a determination that grounds existed to terminate Respondent-mother's parental rights. Therefore, the trial court erred in denying Respondent-mother's motion to dismiss. Accordingly, we reverse the trial court's order terminating Respondent-mother's parental rights.
 

 REVERSED.
 

 Judges ELMORE and ARROWOOD concur.