BRYANT, Judge.
Respondent-parents appeal from an order terminating their parental rights to their minor child Alva[1] . Where respondents received ineffective assistance of counsel due to trial counsel's failure to move to dismiss DSS's petition for termination of parental rights, we reverse the trial court's order terminating respondents' parental rights.
Alva was born in Florida in September 2014. Respondents were both 17 years old when Alva was born. When respondent-mother could not find work in Florida, she moved to North Carolina with Alva, Alva's maternal grandmother, and respondent-mother's six siblings. Respondent-father remained in Florida with his mother.
On 8 June 2015, respondent-mother and Alva's maternal grandmother were in a car accident. While Alva's maternal grandmother refused emergency medical services treatment at the time, in the early morning hours of 9 June 2015, she and respondent-mother left the family's home to go to the hospital for "emergency care." That same day, the Greene County Department of Social Services ("DSS") received a report alleging that Alva and three of respondent-mother's siblings-the oldest of which was eleven-were at home unsupervised, and that there had been other occasions when the children were left at home without adult supervision. While inspecting the home, a social worker noticed the inside was extremely hot with odors of rotten food and garbage. The children had head lice and bites from bed bugs. The eleven-year-old sibling of respondent-mother reported that she was left responsible for the care of the other children most of the time without any adults in the home.
On 9 June 2015, DSS filed a juvenile petition alleging Alva to be neglected and obtained nonsecure custody the same day. Respondent-father travelled to North Carolina to participate in the juvenile proceedings. Following a 6 July 2015 hearing, the trial court adjudicated Alva to be a neglected juvenile and ordered respondents to obtain and maintain safe and stable housing, undergo mental health and substance abuse evaluations and follow all resulting recommendations, and participate in parenting classes and demonstrate skills learned. The order further concluded that "the permanent plan for the juvenile should remain reunification."
Following the 6 July 2015 hearing, respondent-father remained in North Carolina. However, both respondents moved from North Carolina to Florida sometime before the trial court held its first permanency planning hearing on 21 March 2016. Following the 21 March 2016 hearing, the trial court entered an order on 11 April 2016 changing the permanent plan to adoption with a concurrent plan of reunification. By the trial court's next permanency planning hearing on 15 August 2016, respondents had moved back to North Carolina and were living with the maternal grandmother. Following a 7 November 2016 hearing, the trial court entered an order on 1 December 2016 changing the permanent plan to reunification. The trial court held another permanency planning hearing on 13 February 2017, after which the court entered an order on 17 March 2017 changing the permanent plan to adoption with a secondary plan of guardianship or custody with a court approved caretaker.
On 10 April 2017, DSS filed a petition to terminate respondents' parental rights. Following a hearing on the petition, the trial court entered a 7 May 2018 order terminating respondents' parental rights after concluding that "grounds exist to terminate the parental rights of the parents." Respondents timely filed written notice of appeal from the termination order.
_________________________
On appeal, respondents both contend that the trial court erred in failing to dismiss the petition to terminate their parental rights because the petition failed to allege facts sufficient to warrant a determination that grounds existed to terminate their parental rights.
Preservation of Issue
Respondent-father concedes that he did not preserve the issue for appellate review due to his failure to raise the issue below and asks this Court to invoke N.C.R. App. P. 2 to address the issue. He also contends that he was denied effective assistance of trial counsel due to his counsel's failure to raise the issue by making a motion to dismiss.
Respondent-mother contends that she did preserve the issue for appellate review because she raised the issue in her answer to the petition. We disagree. In her answer, respondent-mother contended "[t]hat the Petitioner has failed to state the specific grounds upon which the [r]espondent[-m]other's Parental Rights should be terminated and as such the Petition should be dismissed in its entirety." However, respondent-mother's contention on appeal is not that the petition failed to state the grounds , but that it failed to state the facts warranting a determination that grounds existed. See In re A.H. , 183 N.C. App. 609, 614, 644 S.E.2d 635, 638 (2007) ("[A] petition will not be held inadequate simply because it fails to allege the precise statutory provision ultimately found by the trial court. Rather, the adequacy of the petition must be measured according to N.C. Gen. Stat. § 7B-1104(6) [ (2017) ], which requires that the petition state '[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exist.' ").
Respondent-mother's answer to the petition to terminate parental rights did not preserve the issue she now raises on appeal. Additionally, even if respondent-mother's answer had raised the same issue she now raises on appeal, respondent-mother failed to preserve the issue for appellate review by failing to obtain a ruling on the issue from the trial court. N.C.R. App. P. 10(a)(1) (2019) ("In order to preserve an issue for appellate review, ... [it is] necessary for the complaining party to obtain a ruling [from the trial court] upon the party's request, objection, or motion.").
Alternatively, respondent-mother asks this Court to invoke Rule 2 to address the issue, and also argues that she, like respondent-father, was denied effective assistance of trial counsel for her counsel's failure to raise and obtain a ruling on the issue.
Rule 2 of the North Carolina Rules of Appellate Procedure provides, in pertinent part, that "[t]o prevent manifest injustice to a party, ... either court of the appellate division may ... suspend or vary the requirements or provisions of any of these rules in a case pending before it[.]" N.C.R. App. P. 2 (2019). We decline to invoke Rule 2 to address the issue raised by respondents. Respondents' ineffective assistance of counsel arguments are properly before this Court and provide respondents an opportunity to obtain the relief they seek on appeal.[2] As such, respondents cannot show that invocation of Rule 2 is necessary to prevent manifest injustice.
Ineffective Assistance of Counsel
Respondents argue their respective counsel were ineffective for failing to move to dismiss the petition. Respondents allege counsel's failure to raise and obtain a ruling from the trial court, on the inadequacy of the petition to state facts to support a determination that one or more grounds existed to warrant termination of parental rights, constituted deficient performance. We agree.
"A claim of ineffective assistance of counsel requires the respondent to show that counsel's performance was deficient and the deficiency was so serious as to deprive the represented party of a fair hearing." In re Oghenekevebe , 123 N.C. App. 434, 436, 473 S.E.2d 393, 396 (1996). "The client must show that ... 'even [if counsel's error was] an unreasonable error, ... there is a reasonable probability ... there would have been a different result in the proceedings.' " In re C.B. , 245 N.C. App. 197, 213, 783 S.E.2d 206, 217 (2016) (alterations in original) (quoting State v. Braswell, 312 N.C. 553, 561-63, 324 S.E.2d 241, 248 (1985) ). " 'The burden to show that counsel's performance fell short of the required standard is a heavy one for the client to bear.' " Id. at 213-14, 783 S.E.2d at 217 (quoting State v. Fletcher , 354 N.C. 455, 482, 555 S.E.2d 534, 551 (2001), cert. denied , 537 U.S. 846, 154 L.Ed. 2d 73 (2002) ).
In this case, respondents have met their burden of showing that counsel provided ineffective assistance by failing to move to dismiss the petition to terminate parental rights. First, we agree that the petition to terminate parental rights was deficient. A petition or motion to terminate parental rights must state "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exist." N.C. Gen. Stat. § 7B-1104(6) (2017).[3] "While the facts alleged need not be 'exhaustive or extensive,' they must be sufficient to 'put a party on notice as to what acts, omissions or conditions are at issue.' " In re J.S.K. , --- N.C. App. ----, ----, 807 S.E.2d 188, 190 (2017) (quoting In re Hardesty , 150 N.C. App. 380, 384, 563 S.E.2d 79, 82 (2002) ).
In J.S.K. , this Court reversed the trial court's order terminating the respondent's parental rights after determining that the motion to terminate parental rights failed to comply with N.C. Gen. Stat. § 7B-1104(6). Id. at ----, 807 S.E.2d at 191. In that case, the motion to terminate parental rights alleged, in relevant part, that the respondent:
a. Has caused the juveniles to be neglected, as defined in N.C. Gen. Stat. §[ ]7B-101(15) as set out in N.C. Gen. Stat. § 7B-1111(a)(1) in that each is in need of assistance of placement, because her known parent is unwilling and unable to provide for her care or supervision and lacks an appropriate alternative to childcare arrangement. The juveniles do not have a parent, guardian, or custodian that will accept responsibility for the juveniles' care or supervision and the juveniles' parent, guardian, or custodian is unwilling and unable to provide for the juveniles' care or supervision and lacks an appropriate alternative child care arrangement.
b. Has willfully left the juveniles in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juveniles on January 16, 2015, N.C. Gen. Stat. § 7B-1111(a)(2) [.]
Id. at ----, 807 S.E.2d at 191.
This Court concluded that "these allegations are bare recitations of the alleged statutory grounds for termination listed in N.C. Gen. Stat. § 7B-1111," and that the motion to terminate therefore "failed to comply with N.C. Gen. Stat. § 7B-1104(6) [.]" Id.
In the present case, the petition to terminate parental rights alleged
[t]hat the grounds to terminate the parental rights of the parents of the juvenile are that they have neglected the juvenile and continue to neglect the juvenile and they have failed to modify and change the conditions that caused the juvenile to be placed in custody of the Greene County Department of Social Services and placed in foster care for more than one year.
The guardian ad litem ("GAL") contends that the factual allegations in the petition were sufficient to warrant a determination that the grounds listed in N.C. Gen. Stat. § 7B-1111(a)(1)-(2) (2017) existed to terminate respondents' parental rights. We disagree. The petition's allegation that respondents "have neglected the juvenile and continue to neglect the juvenile" is simply a statement of a legal conclusion devoid of any factual allegations that demonstrate that neglect existed. The petition similarly fails to state facts sufficient to warrant a conclusion that grounds existed under N.C. Gen. Stat. § 7B-1111(a)(2) to terminate respondents' parental rights, as there are no facts alleged from which a court could conclude that respondents willfully left the juvenile in placement outside the home or that the progress respondents made in correcting the conditions that led to the juvenile's removal from the home was not reasonable under the circumstances. Thus, as was the case in J.S.K. , the allegations contained in the petition were insufficient to comply with N.C. Gen. Stat. § 7B-1104(6).
The GAL also notes that the petition further states that "attached hereto and made a part of this Petition is an Affidavit as to the Status of the Minor Child." The GAL contends that even if the petition is insufficient on its face, the attached affidavit supplied any missing factual allegations necessary to warrant a determination that N.C. Gen. Stat. § 7B-1111(a)(2) existed as a ground to terminate. Attached documents can supplement the petition to satisfy the requirement in N.C. Gen. Stat. § 7B-1104(6). See In re Quevedo , 106 N.C. App. 574, 579, 419 S.E.2d 158, 160 (upholding order denying the respondent's motion to dismiss because, although "petitioners' bare recitation ... of the alleged statutory grounds for termination does not comply with" N.C. Gen. Stat. § 7B-1104(6), "the petition incorporates an attached custody award [that] states sufficient facts" to comply with the statutory requirement), appeal dismissed , 332 N.C. 483, 424 S.E.2d 397 (1992). However, in this case, the only relevant fact included in the attached affidavit was the date that Alva was removed from the home, which does not remedy the deficiencies in the factual allegations outlined above. Thus, had counsel for respondents moved to dismiss the petition for failure to comply with N.C. Gen. Stat. § 7B-1104(6), the trial court would have dismissed the petition or erred in failing to do so.
There is no conceivable strategic basis for failing to move to dismiss. Respondent-mother's counsel in fact had sought dismissal in respondent-mother's answer to the petition to terminate parental rights, but did not pursue a meritorious legal argument in doing so, and nevertheless failed to obtain a ruling from the trial court. Respondents both resisted termination of their parental rights. Counsel's performance was deficient by not moving to dismiss the petition for failure to comply with N.C. Gen. Stat. § 7B-1104(6).
Finally, the result of the proceeding clearly would have been different had counsel moved to dismiss the petition. Had counsel moved to dismiss, DSS would have been unable to proceed on its petition to terminate. Furthermore, the absence of factual allegations in the petition deprived respondents of "notice as to what acts, omissions or conditions [were] at issue" at the termination hearing, Hardesty , 150 N.C. App. at 384, 563 S.E.2d at 82, fundamentally undermining the fairness of the proceeding.
Trial counsel for respondents provided ineffective assistance through their failure to move to dismiss DSS's petition to terminate parental rights, as such a motion should have resulted in dismissal of the petition. As a result of trial counsel's ineffective assistance, we must, and hereby do, reverse the trial court's order terminating respondents' parental rights.[4]
REVERSED.
Report per Rule 30(e).
Judges DIETZ and ARROWOOD concur.

A pseudonym is used to protect the identity of the juvenile and for ease of reading.

In his brief, respondent-father adopts by reference respondent-mother's ineffective assistance of counsel argument.

See generally N.C. Gen. § 7B-1104 (2017) (Entitled "Petition or motion" to reference the application of this statute to both petitions and motions).

As a result of our disposition, we need not review respondents' remaining arguments on appeal.