IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-237

Filed 1 October 2024

Rockingham County, No. 21 JT 170

IN RE:

M.B.S.

A minor juvenile.

Appeal by respondent-mother from order entered 11 December 2023 by Judge James Grogan in Rockingham County District Court. Heard in the Court of Appeals 27 August 2024.

> *Ivey McClellan Siegmund Brumbaugh & McDonough, LLP, by Darren A. McDonough, for petitioner-appellee.*
>
> *No brief filed on behalf of guardian ad litem.*
>
> *Kimberly Connor Benton for respondent-appellant-mother.*

ZACHARY, Judge.

Respondent-Mother appeals from the trial court's order terminating her parental rights to her minor child, "Marcus."[1] After careful review, we reverse the trial court's termination order as to Respondent-Mother.

---

[1] We use the pseudonym to which the parties stipulated for ease of reading and to protect the juvenile's identity. We further note that Respondent-Father has not appealed from the trial court's order, which also terminated his parental rights to Marcus, and consequently, he is not a party to this appeal.

## I.    Background

Marcus was born in October 2018. Based upon Respondent-Mother's history with her three younger children—each of whom had been removed from her custody—along with her "testing positive for [illegal] substances at the time [Marcus] was born" and Marcus's withdrawal symptoms at the time of birth, the Rockingham County Department of Social Services ("DSS") placed Marcus with Petitioner, his paternal grandmother. Marcus and his parents lived with Petitioner for approximately four months before moving in with Respondent-Mother's grandmother for a period of one or two months, and then moving to a different residence for another short period of time.

In April 2019, an assailant shot Respondent-Father in the face and robbed him while Marcus was present. Shortly after that incident, Petitioner filed a complaint seeking custody of Marcus, together with a motion for emergency custody of Marcus, the latter of which the trial court allowed on 26 April 2019. For the remainder of that year, Petitioner allowed Respondent-Mother to regularly visit Marcus, but the frequency of those visits decreased as the relationship between Respondent-Mother and Petitioner frayed in 2020.

On 10 February 2021, the Rockingham County Child Support Enforcement Agency filed a complaint on Petitioner's behalf against Respondent-Mother seeking child support and health insurance coverage for Marcus. On 28 July 2021, the trial court entered an order requiring Respondent-Mother, *inter alia*, to pay child support

at the rate of $50.00 per month and to provide health insurance coverage for Marcus when available to her at a reasonable cost.

On 3 November 2021, Petitioner filed a petition to terminate Respondent-Mother's parental rights to Marcus. Respondent-Mother filed an answer on 8 June 2022. Petitioner subsequently took a voluntary dismissal of her initial petition and filed an amended petition on 7 October 2022. Respondent-Mother did not file an answer to the amended petition.

On 29 November 2023, the amended termination petition came on for hearing in Rockingham County District Court. The trial court first concluded that grounds existed sufficient to terminate Respondent-Mother's parental rights on the bases of neglect; willfully leaving Marcus in a placement outside of the home for more than 12 months; willfully failing to pay for the care, support, and education of Marcus; and incapability of providing for the proper care and supervision of Marcus. The trial court then proceeded to disposition and determined that it would be in Marcus's best interests to terminate Respondent-Mother's parental rights. On 11 December 2023, the trial court memorialized its ruling in an order terminating Respondent-Mother's parental rights.

Respondent-Mother timely filed notice of appeal on 5 January 2024.

## II.  Discussion

Respondent-Mother raises several issues on appeal, two of which concern the sufficiency of the facts alleged in the amended petition to terminate her parental

rights. She first argues that the trial court's order "must be reversed because the [amended] petition lacked the necessary factual allegations required by [N.C. Gen. Stat.] § 7B-1104(6)." Alternatively, Respondent-Mother argues for reversal because she "received ineffective assistance of counsel due to her counsel's failure to move to dismiss the statutorily deficient petition."

As explained below, the amended termination petition did not comply with the requirements of N.C. Gen. Stat. § 7B-1104(6). Because this issue was not preserved for appellate review due to Respondent-Mother's trial counsel's failure to move to dismiss the amended petition, we conclude that she received ineffective assistance of counsel.

**A. Preservation**

This Court has previously recognized that the alleged failure of a termination petition to comply with the requirements of N.C. Gen. Stat. § 7B-1104(6) is an issue that must be preserved for appellate review. *In re H.L.A.D.*, 184 N.C. App. 381, 392, 646 S.E.2d 425, 434 (2007), *aff'd*, 362 N.C. 170, 655 S.E.2d 712 (2008). "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1).

Whether the facts alleged in a termination petition are statutorily sufficient is an issue properly addressed by a Rule 12(b)(6) motion to dismiss. *See In re Quevedo*,

106 N.C. App. 574, 578, 419 S.E.2d 158, 159 ("A Rule 12(b)(6) motion tests the legal sufficiency of a [termination petition]."), *appeal dismissed*, 332 N.C. 483, 424 S.E.2d 397 (1992).

"The Rules of Civil Procedure apply to proceedings for termination of parental rights, and a Rule 12(b)(6) motion may not be made for the first time on appeal." *H.L.A.D.*, 184 N.C. App. at 392, 646 S.E.2d at 434 (cleaned up). Respondent-Mother acknowledges that her trial counsel failed "to make a motion to dismiss the petition prior to or during trial." "Therefore, [Respondent-Mother] has not properly preserved this issue for appeal . . . ." *Id.*

Acknowledging the possibility that this issue was not properly preserved for appellate review, Respondent-Mother argues in the alternative that she received ineffective assistance of counsel due to her counsel's failure to move to dismiss the amended petition.

**B. Standard of Review**

"A claim of ineffective assistance of counsel requires the respondent to show that counsel's performance was deficient and the deficiency was so serious as to deprive the represented party of a fair hearing." *In re B.L.H.*, 239 N.C. App. 52, 62, 767 S.E.2d 905, 912 (2015) (citation omitted). "To make the latter showing, the respondent must prove that there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *In re G.G.M.*, 377 N.C. 29, 41–42, 855 S.E.2d 478, 487 (2021) (cleaned up).

## C. Analysis

Respondent-Mother contends that if her "trial counsel had moved to dismiss the [amended] petition based upon . . . Petitioner's failure to comply with [N.C. Gen. Stat.] § 7B-1104(6), the motion should have been granted." We agree.

We first address the alleged deficiency in Respondent-Mother's trial counsel's failure to move to dismiss the amended petition below. A petition to terminate parental rights must allege "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights [enumerated in N.C. Gen. Stat. § 7B-1111(a)] exist." N.C. Gen. Stat. § 7B-1104(6) (2023). "While the facts alleged need not be exhaustive or extensive, they must be sufficient to put a party on notice as to what acts, omissions or conditions are at issue." *In re J.S.K.*, 256 N.C. App. 702, 705, 807 S.E.2d 188, 190 (2017) (cleaned up). However, a petition that "sets forth only a bare recitation of the alleged statutory grounds for termination does not meet this standard." *Id.* (cleaned up).

Regarding Respondent-Mother, the amended petition states:

> 11. There exist facts sufficient to warrant a determination that Respondent[-]Mother's parental rights should be terminated, and in support of this allegation Petitioner shows the following:
>
> > a. Respondent[-]Mother has neglected the juvenile as defined in [N.C. Gen. Stat.] § 7B-1111(a)(1);
> >
> > b. Respondent[-]Mother has willfully left the juvenile in placement outside the home for

more than 12 months without making reasonable progress in correcting those conditions which led to the removal of the juvenile as defined in [N.C. Gen. Stat.] § 7B-1111(a)(2);

c. Respondent[-]Mother has failed to pay for the care, support, and education of the juvenile, as required by the child support order as defined in [N.C. Gen. Stat.] § 7B-1111(a)(4);

d. Respondent[-]Mother is incapable of providing for the proper care and supervision of the juvenile as defined in [N.C. Gen. Stat.] § 7B-1111(a)(6);

e. Respondent[-]Mother, as a natural parent of the juvenile, has willfully abandoned the juvenile for at least six (6) consecutive months immediately preceding the filing of this Petition for Termination of Parental rights as defined in [N.C. Gen. Stat.] § 7B-1111(a)(7).

"Because these allegations are bare recitations of the alleged statutory grounds for termination listed in N.C. Gen. Stat. § 7B-1111," the amended termination petition "failed to comply with N.C. Gen. Stat. § 7B-1104(6) and was insufficient to put Respondent-[M]other on notice as to what acts, omissions, or conditions were at issue." *Id.* at 707, 807 S.E.2d at 191.

We acknowledge that this Court has previously overlooked the similar statutory noncompliance of a termination petition that merely recited the alleged statutory grounds for termination in a case where the petition "incorporate[d] an attached custody award, . . . and the custody award state[d] sufficient facts to warrant

. . . a determination" of the alleged grounds for termination. *Quevedo*, 106 N.C. App. at 579, 419 S.E.2d at 160. However, unlike in *Quevedo*, Petitioner did not incorporate by reference the terms of any prior order into the amended termination petition. This distinction is significant because, in the absence of such an incorporation by reference, "the trial court [would have] erred in denying Respondent-[M]other's motion to dismiss" had her trial counsel made such a motion. *J.S.K.*, 256 N.C. App. at 707, 807 S.E.2d at 191.

We next address the second prong of the ineffective-assistance claim—whether "there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *G.G.M.*, 377 N.C. at 41–42, 855 S.E.2d at 487 (citation omitted). With respect to the issue of whether a trial counsel's failure to move to dismiss a termination petition that does not satisfy the requirements of N.C. Gen. Stat. § 7B-1104(6) satisfies this second requirement to demonstrate ineffective assistance, Respondent-Mother observes that "[t]his Court has already answered this question in the affirmative" in an unpublished opinion.[2]

In *In re A.X.M.*, as here, "had counsel for [the] respondents moved to dismiss the petition for failure to comply with N.C. Gen. Stat. § 7B-1104(6), the trial court would have dismissed the petition or erred in failing to do so." 264 N.C. App. 637, 824

---

[2] "Although unpublished opinions do not have precedential value, an unpublished opinion may be used as persuasive authority at the appellate level if the case is properly submitted and discussed and there is no published case on point." *In re N.B.*, 289 N.C. App. 525, 534 n.4, 890 S.E.2d 199, 205 n.4 (2023) (cleaned up).

S.E.2d 924, 2019 WL 1281487, at *4 (2019) (unpublished). This Court reasoned that the failure to move to dismiss prejudiced the respondents, because "the result of the proceeding clearly would have been different had counsel moved to dismiss the petition. Had counsel moved to dismiss, DSS would have been unable to proceed on its petition to terminate." *Id.* at *5.

Although this decision is not binding, we find the reasoning of *A.X.M.* persuasive and adopt it here. Respondent-Mother has shown that she received ineffective assistance of counsel "through the[ ] failure to move to dismiss [the amended] petition to terminate parental rights, as such a motion should have resulted in dismissal of the [amended] petition." *Id.* Accordingly, "[a]s a result of trial counsel's ineffective assistance, we must, and hereby do, reverse the trial court's order terminating [Respondent-Mother's] parental rights." *Id.*

### III.    Conclusion

For the foregoing reasons, we reverse that portion of the trial court's order terminating Respondent-Mother's parental rights.

REVERSED IN PART.

Judges HAMPSON and GORE concur.